UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUREA DIAB | CIVIL ACTION |
| VERSUS | NO. 24-2606 |
| UNITED STATES OF AMERICA AND ALVIN DUPLESSIS | SECTION M (3) |

### ORDER & REASONS

Before the Court is a motion to dismiss plaintiff's claims against defendant Alvin Duplessis for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendant the United States of America (the "Government").[1] The motion is set for submission on March 6, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 26, 2925. Plaintiff Aurea Diab, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 8.

[2] R. Doc. 8-2.

[3] This case deals with an automobile accident that involved an employee of the United States Postal Service, Duplessis, working in the course and scope of his employment. R. Docs. 1 at 1-4; 8-3 (certifying same). The Government moves to dismiss Diab's claims against Duplessis for lack of subject-matter jurisdiction because in a Federal Tort Claims Act ("FTCA") action such as this one, the United States, not the employee involved in the incident, is the proper party. R. Doc. 8 (citing 28 U.S.C. § 2679(d)(1)-(2), which provides that the United States shall be substituted as the party defendant upon certification that the defendant employee was acting within the scope of his office or employment at the time of the incident). The Government is correct. The FTCA is a limited waiver of the United States government's sovereign immunity. *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019) (citing 28 U.S.C. § 1346(b)(1)). Thus, "the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Accordingly, Diab's claims against Duplessis must be dismissed.

IT IS ORDERED that the Government's motion to dismiss plaintiff's claims against Duplessis (R. Doc. 8) is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 27th day of February, 2025.

                                                            _____
                                                            BARRY W. ASHE
                                                            UNITED STATES DISTRICT JUDGE